Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 61 | Date | April 18, 2000 |
| Case Title | USA ex rel HARPER -v- WELBORN | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]

(2) Brief in support of motion due _____

(3) Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ Ruling / Hearing on _____ set for _____ at _____

(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to

☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) [XX] [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This case is dismissed in its entirety. All other pending motions are moot.

(11) [X] [For further detail see ☐ order on the reverse of [X] order attached to the original minute order form.]

| | | | number of notices |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | APR 1 9 2000 | date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing dpty. initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate Judge. | 4-18-00 | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document # 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MICHAEL HARPER, Petitioner, v. GEORGE C. WELBORN, Warden, Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) |

No. 00 C 0061

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner Michael Harper has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Harper was convicted of arson and two counts of first degree murder following a jury trial in Cook County, Illinois. Harper was sentenced to natural life imprisonment without parole. Harper is currently in the custody of George C. Welborn, Warden of the Tamms Correctional Center, Tamms, Illinois, and is identified as prisoner # B-03541. Harper's petition for writ of habeas corpus contains five claims for relief (four of which this court construes a single claim). For the following reasons, Harper's petition for habeas relief is DENIED.

## PROCEDURAL HISTORY

Harper was convicted of arson and two counts of first degree murder stemming from a 1988 fire of Harper's video store which caused the death of the owners of a neighboring restaurant. Following his first jury trial and conviction, Harper appealed his convictions and sentences to the

1

Illinois Appellate Court. On September 10, 1993, the Illinois Appellate Court reversed and remanded Harper's cause for a new trial.

Harper was retried, again found guilty of arson and two counts of first degree murder, and again sentenced to natural life imprisonment without parole. Harper again appealed his convictions and sentences to the Illinois Appellate Court, raising thirteen claims, including those he raises in the present petition: the trial court's error in refusing to instruct the jury on the offense of involuntary manslaughter, and the trial court's error in allowing into evidence a picture of a gasoline canister, because the Illinois Appellate Court had found that the trial court erred in allowing the gasoline canister itself into evidence in Harper's first trial because the state had not established a proper chain of custody. On April 26, 1996, the Illinois Appellate Court affirmed Harper's conviction and sentence.

Harper subsequently filed a Petition for Leave to Appeal to the Illinois Supreme Court. On October 2, 1996, the Illinois Supreme Court denied the Petition for Leave to Appeal.

On March 31, 1997, Harper filed a post-conviction petition in the Circuit Court of Cook County, Illinois. The trial court summarily dismissed the petition as frivolous and patently without merit. Harper appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, arguing that he had been denied reasonable representation on his post-conviction petition. On March 30, 1999, the Illinois Appellate Court affirmed the trial court's dismissal of the post-conviction petition. Harper then filed a pro se Petition for Leave to Appeal which was denied by the Supreme Court of Illinois on October 6, 1999.

At some point while Harper's post-conviction petition and appeal of the petition's dismissal were pending, Harper filed a pro se post-conviction petition which was dismissed by the trial court.

2

The State Appellate Defender filed a motion for leave to withdraw as appellate counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987), stating that there were no appealable issues in the case. The Illinois Appellate Court reviewed the record and found that there were no issues of arguable merit, allowed the motion to withdraw, and affirmed the judgment of the circuit court.

On January 3, 2000, Harper filed the present petition for writ of habeas corpus. The petition raises the following five grounds for relief: "(1) the trial court committed constitution erred, by refusing to give the jury an involuntary-manslaughter instruction"; (2) the appellate court's refusal to consider and address dispositive line of argument in Harper's appeal (that the rule prohibiting an involuntary manslaughter instruction in felony-murder case does not apply when a defendant has been charged with intentional murder); (3) the indictment for intentional murder entitles him to an involuntary manslaughter instruction as a matter of law; (4) the appellate court and trial court violated the law of the case (in the trial court's not giving an involuntary manslaughter instruction, despite the fact that the Illinois Appellate Court, in reversing Harper's first conviction, stated that an involuntary manslaughter conviction should be given if there was any evidence to support the charge); and (5) the trial court's error in allowing a photograph of a gasoline can, where the appellate court had previously found error in the introduction of the can itself, because the state had not established chain of custody.

## STANDARD OF REVIEW

Harper filed his petition for a writ of habeas corpus with this court on January 3, 2000. Accordingly, review of this petition is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under amended § 2254, in order

3

for Harper to demonstrate that a writ of habeas corpus should be granted, he must show that the claim was adjudicated on the merits in state court and the adjudication either: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

## ANALYSIS

Harper's petition alleges state law errors, and does not specifically allege a single constitutional error or unreasonable determination of facts. The single possible exception is Ground (1) of Harper's petition, which alleges: "The trial court committed constitution erred, by refusing to give the jury an involuntary-manslaughter instruction." Grounds (2) - (4) also claim state law errors in the trial court's failure to instruct the jury on involuntary manslaughter. Because the petition appears to attempt to allege a constitutional violation, this court will combine Grounds (1) - (4), and treat them as if they together allege that the trial court committed constitutional error in failing to give an instruction on involuntary manslaughter.

Failure to instruct on a lesser offense, even if incorrect under state law, does not warrant setting aside a state conviction unless "failure to give the instruction could be said to have amounted to a fundamental miscarriage of justice." Nichols v. Gagnon, 710 F.2d 1267, 1269 (7th Cir. 1983) (quoting United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979)), cert. denied, 466 U.S. 940 (1984); see also Robertson v. Hanks, 140 F.3d 707, 710 (7th Cir. 1998). A miscarriage occurs if credible evidence in the record would support a verdict based on the omitted instruction. Gagnon, 710 F.2d at 1269.

This court finds that the trial court's refusal to give an involuntary manslaughter instruction was both warranted under state law, and, even if it were not warranted, did not result in a fundamental miscarriage of justice. Harper contends that an involuntary manslaughter instruction was necessary because a jury could find that he acted recklessly in attempting to burn videos, not the real estate which contained those videos. A finding that Harper acted recklessly, Harper appears to argue, could support an instruction on involuntary manslaughter for a death that occurred as a result of a reckless act. However, under Illinois law, where the sole murder charge against a defendant is based on felony murder, no involuntary manslaughter instruction need be given. People v. McCarroll, 523 N.E.2d 150, 152, 168 Ill. App. 1020, 1023 (1st Dist. 1988). This is because felony murder is based on strict liability for one who kills or is responsible for killing during the commission of a felony. See id. Here, the trial court and the Illinois Appellate Court found that the evidence showed that Harper acted intentionally in setting fire to his store, there was no evidence of recklessness, and the jury found him guilty of arson. Harper has not argued, and this court finds no reason to believe, that Harper's felony murder conviction "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d). For the same reasons, the trial court did not violate the law of the case by not instructing the jury on involuntary manslaughter, despite the Illinois Appellate Court's statement that an involuntary manslaughter instruction should be given if there was any evidence to support a finding of involuntary manslaughter. In Illinois, involuntary manslaughter is committed when the actor causes death by actions which are likely to cause death or serious bodily harm and are committed recklessly. People v. Ward, 463 N.E.2d 696, 699, 101 Ill. 2d 443, 450 (1984). Here, both the trial court and the Illinois Appellate Court found no evidence that Harper acted recklessly,

and Harper has shown no evidence to the contrary.

Harper appears to suggest that he was once charged with intentional murder in connection with this conviction. There is nothing in the extensive state court record which suggests that Harper was ever charged with intentional murder. Regardless of whether such a charge ever existed, however, the only theory of first degree murder which was submitted to the jury was for felony murder. Conviction for felony murder based on arson requires no proof of intent, whereas involuntary manslaughter does. Accordingly, involuntary manslaughter is not a lesser charge of felony murder and there was no error in refusing to instruct the jury on it. Based upon the lack of evidence that the jury ever considered a charge of intentional murder and fact that Harper was found guilty of setting a fire which caused the death of two people, there was no "fundamental unfairness" in the trial court's refusal to instruct the jury on involuntary manslaughter.

Harper's only remaining claim is that the trial court erred in allowing a photograph of a gasoline canister into evidence, because the Illinois Appellate Court had previously ruled that the can itself was not admissible based on the state's failure to establish a chain of custody. Harper does not assert any constitutional violation in connection with the admission of the photograph. This claim is not cognizable in habeas review because Harper has not alleged that any of his "clearly established" federal rights were violated by the admission of the photograph. See 28 U.S.C. § 2254(d); see also Watkins v. Meloy, 95 F.3d 4, 6 (7th Cir. 1996) ("[T]he violation of a state rule of evidence is not a denial of due process.").

## CONCLUSION

For the reasons stated, petitioner Michael Harper's petition for a writ of habeas corpus is

DENIED. This case is dismissed in its entirety. All other pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: April 18, 2000

# United States District Court
## Northern District of Illinois
**Eastern Division**

USA ex rel HARPER

v.

WELBORN

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 61

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 4/18/2000

J. Smith, Deputy Clerk